## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

---

CURVES INTERNATIONAL, INC.
   100 Ritchie Road
   Waco, TX 76712
   McLennan County

                 Plaintiff,

   v.

WILLIAM SQUIRES
   15380 Matthews Manor Road
   Newburg, Maryland 20664
   Charles County

AND

SHAPE MAKERS, LLC,
   15380 Matthews Manor Road
   Newburg, Maryland 20664
   Charles County

               Defendants.

---

**VERIFIED COMPLAINT**

**AND JURY DEMAND**

Case No:

---

Curves International, Inc. brings this civil action against defendants William Squires and Shape Makers, LLC, and for its Verified Complaint alleges as follows:

## PARTIES

1.      Plaintiff Curves International, Inc. ("Plaintiff" or "Curves") is a Texas corporation with its principal place of business at 100 Ritchie Road, Waco, McLennan County, Texas 76712. Curves is a franchisor of CURVES® fitness centers located throughout the United States.  Each franchise features a unique thirty-minute fitness program designed for women.

2.     Defendant William Squires ("Squires") is an individual residing at 15380 Matthews Manor Road, Newburg, Maryland 20664.

3.     Defendant Shape Makers, LLC ("Shape Makers") is a limited liability company organized pursuant to the laws of Maryland, with its principal place of business located at 15380 Matthews Manor Road, Newburg, Maryland 20664.

4.     Squires and Shape Makers (collectively, "Defendants") owned and/or operated a Curves fitness franchise for women located in the area defined as St. Charles, Maryland (the "Franchise Location").

## JURISDICTION AND VENUE

5.     This Court has personal jurisdiction over the Defendants because they both reside and operate a business within the State of Maryland and, therefore, are subject to the jurisdiction of a court of general jurisdiction in the State of Maryland, where the District Court of Maryland is located.  Moreover, Squires and Shape Makers have sufficient contacts with Maryland to be subject to personal jurisdiction in this District.

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1367 because Curves asserts federal Lanham Act claims pursuant to 15 U.S.C. § 1114(1) and § 1125(a), and all other claims asserted arise out of the same alleged breaches by Squires and Shape Makers.

7.     This action is properly venued in the District of Maryland, Southern Division pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).  Squires and Shape Makers both reside in the

District of Maryland, Southern Division and a substantial part of the events or omissions giving rise to the claims occurred within this District of Maryland.

## FACTS

### Introduction

8.      Curves is a franchisor of CURVES® fitness centers located throughout the United States.  Each franchise features a unique thirty-minute fitness program designed for women.

9.      Curves owns the federally-registered CURVES® trademarks, service marks, logos, and derivations thereof (the "Marks"), as well as the distinctive and well-known CURVES® fitness system, which sells fitness and weight loss services and products to the public under the CURVES® Marks.   A true and accurate copy of Curves' Class 41 Registration Certificate filed with the United States Patent and Trademark Office is annexed hereto as **Exhibit A.**

10.      Curves advertises and promotes the CURVES® Marks throughout the United States.   Curves and its predecessors have spent substantial amounts of time and money to maintain and improve the CURVES® franchise system, including, *inter alia*: (1) maintenance of service and product quality; (2) product and quality development; (3) development of uniform designs and markings for CURVES® products; (4) licensing trademarks and other proprietary information to CURVES® franchisees; and (5) training and educating franchisees.

11.      As a result of the efforts and expenditures of Curves, the CURVES® Marks have become associated in the minds of consumers with uniform services, goods, and equipment of consistently high quality, provided only in clean and attractive facilities, and operated by persons

following Curves' approved sales and operating methods and procedures.

**The Franchise Agreement**

12.     Squires entered into a franchise agreement with Curves, dated October 2, 2002 (the "Franchise Agreement"), whereby he received the license and right to operate a CURVES® franchise using the CURVES® trademarks and business system in a limited area defined as the Franchise Location.  A true and accurate copy of the Franchise Agreement is attached hereto as **Exhibit B**.

13.     Squires and Curves also entered into an Addendum to the Franchise Agreement ("Amendment"), dated February 27, 2004.  The Amendment revised Exhibit A of the Franchise Agreement, which redefined the territory and scope of Squires' permitted Curves fitness facility. A true and accurate copy of the Amendment is annexed hereto as **Exhibit C**.  Hereafter, the Amendment and the Franchise Agreement collectively shall be referred to as the "Franchise Agreement."

14.     In addition, Squires entered into an Assignment of the Franchise Agreement ("Assignment"), with Curves, dated March 19, 2004, whereby Squires assigned and transferred all rights, interests, and obligations under the Franchise Agreement, to Shape Makers.   A true and accurate copy of the Assignment is annexed hereto as **Exhibit D**.  The Assignment states, in pertinent part, that Squires "unconditionally and absolutely individually guarantees to Curves the performance of and compliance with all obligations, covenants, warranties, non-competition covenants and all other terms and conditions as set forth in the Franchise Agreement."

15.     In addition, pursuant to the Franchise Agreement, Squires personally guaranteed any and all debts, liabilities, and contractual obligations under the Franchise Agreement, including but not limited to non-competition provisions.

16.     Following execution of the Franchise Agreement, Squires and Shape Makers received extensive training and support from Curves.

17.     Specifically, Squires and Shape Makers received training in exercise physiology, nutritional counseling, marketing, sales, business systems, and instructions on the use of Curves-approved fitness equipment.  In addition, as part of their training, Squires and Shape Makers received a Confidential Operations Manual, marketing and advertising materials, business forms, and other confidential materials, none of which is made available to anyone who is not part of the CURVES® business system.  Squires and Shape Makers also gained access to Curves' telephone support and computer-based learning system.  Squires and Shape Makers were also given the opportunity to attend regional and national meetings for additional training, and received periodic updates on new products, programs, and procedures.

18.     As agreed to by Squires and Shape Makers in Article 12(A) of the Franchise Agreement, the information received by the Defendants is confidential, proprietary, and competitively sensitive.

19.     Article 6(D) of the Franchise Agreement permitted Squires and Shape Makers to offer only CURVES®-brand fitness and weight loss services and products, or other services and products if approved by Curves.

20.     Article 12(A) of the Franchise Agreement states that the CURVES® Marks belong solely to Curves and that the Defendants' license to use the Marks was entirely dependent on their compliance with the terms of the Franchise Agreement.  Moreover, Article 12(A) provides that any goodwill established by the franchisee's use of Curves' Marks inures to the benefit of Curves, as the exclusive owner of those Marks.

21.     Article 2(A) of the Franchise Agreement provides that the Agreement was for a term of ten (10) years, with Curves' exclusive option for renewal.

22.     As neither Defendant, nor Curves opted to renew the Franchise Agreement, it expired by its own terms on October 2, 2012.

23.     Article 18(D) of the Franchise Agreement provides that upon termination, expiration, or non-renewal of the Franchise Agreement, Squires and Shape Makers were to immediately cease using Curves' Marks and return to Curves all printed material furnished to them by Curves, including manuals, advertising materials, and the like.  To that end, Squires and Shape Makers agreed to immediately remove from the premises of their facility all of Curves' Marks upon the expiration of their franchise rights.

24.     Pursuant to Article 18(D)(7), Squires and Shape Makers further agreed to assign and deliver to Curves all check drafts for all memberships to Curves, and any past or present membership lists or leads for potential members.

**Covenant Not to Compete**

25.     In the Franchise Agreement, Squires and Shape Makers accepted a reasonable

post-termination/post-expiration covenant against competition.

26.     Pursuant to Article 19(B), Squires and Shape Makers agreed that upon the later of either the termination, expiration, or non-renewal of the Franchise Agreement, or upon their first being in compliance with the post-termination obligations of the Franchise Agreement, Squires and Shape Makers would refrain for a period of one (1) year from participating in or deriving any sort of benefit from any business similar to that of a Curves facility operating within ten (10) miles of the prior authorized Curves franchise facility.

27.     In addition to these obligations, Squires and Shape Makers agreed that for one (1) year immediately following the termination, expiration, or non-renewal of the Franchise Agreement, Squires and Shape Makers would not:  (a) employ, seek to employ, or induce away any person employed by Curves or any one of its franchises; (b) interfere with or attempt to interfere with any of the business relationships or advantages of Curves or any other Curves' franchisee; (c) use any confidential information from Curves' manuals or system in any similar business; (d) use the Curves' Marks, manuals, or system in any way to engage in, participate in, or derive any benefit from any similar business; (e) divert or attempt to divert any customer or business from Curves or any of its franchisees; and (f) solicit or endeavor to obtain the business of any person who shall have been a customer of any other Curves' franchisee.  *See* Franchise Agreement, Article 19(B).

28.     Pursuant to Articles 18, and and 21(K) of the Franchise Agreement, Squires and Shape Makers agreed to promptly pay all sums and debts owing to Curves, and to compensate Curves for any damages, costs, and expenses, including reasonable attorneys' fees, Curves

incurred in enforcing the Franchise Agreement or as a result of the default of any of its terms.

**Defendants' Breach of the Franchise Agreement**

29.     Notwithstanding the expiration of the Franchise Agreement, Squires and Shape Makers continue to operate a now unauthorized Curves facility at the same location of their formerly approved franchise location.  Moreover, Squires and Shape Makers continue to use the CURVES® Marks and/or substantially similar marks at their weight loss facility.  In short, Squires and Shape Makers continue to use Curves' Marks to sell fitness center services to the public that are not authentic CURVES® services, in violation of the Franchise Agreement.

30.     Additionally, Squires and Shape Makers failed to offer the assets of their former Curves location to Curves, as required by the terms of Franchise Agreement Article 17, titled "Right of First Refusal."

31.     Accordingly, on October 12, 2012, Curves sent a cease and desist letter ("Cease and Desist Letter") to Squires and Shape Makers detailing their violations of the Franchise Agreement.  The Cease and Desist demanded that Squires and Shape Makers immediately stop their use of the CURVES® Marks and comply with the Franchise Agreement's other post-termination obligations.  Annexed hereto as **Exhibit E** is a true and accurate copy of the Cease and Desist Letter.

32.     Further, on December 11, 2012, Curves learned from various credible sources that Squires and Shape Makers were still operating a Curves fitness facility at the prior authorized Franchise Location, however, Squires and Shape Makers had changed the name of the facility to

Curves "White Plains."   In addition, Squires and Shape Makers continue to allow new members to sign up at the Curves "White Plains" location and further, the Defendants represent to new clients that the fitness facility offers CURVES® products and services.

33.     Squires and Shape Makers have ignored Curves' demands and continue to use CURVES® Marks, including Curves' promotions, advertisements, equipment, and other proprietary materials to sell fitness center services to the public in violation of the Franchise Agreement.

34.     Squires and Shape Makers continue to operate an unauthorized Curves facility without remitting monthly royalty fees and monthly advertising fees, which Curves is entitled to, in exchange for Squires' and Shape Makers' right to own and operate the Curves facility.

35.     Squires and Shape Makers also continue to operate a business that competes with Curves.  The Defendants' continued operation of the facility is adversely impacting and harming neighboring Curves franchisees that are in compliance with their franchise agreements, creating unfair competition by using the Curves brand to continue to attract members.  Further, Squires and Shape Makers continue, upon information and belief, to sell fitness center services to some of the same customers that they serviced when they operated the former CURVES® franchise, and advertises the new facility as providing the same equipment and weight management program as Curves.

36.     Squires and Shape Makers have refused to compensate Curves for the profits wrongfully earned through the use of Curves' Marks after the termination of Squires' franchise

rights.

## COUNT ONE
### (Piercing the Corporate Veil)

37.     Curves repeats and incorporates by reference all of the allegations in the preceding paragraphs as if fully contained herein.

38.     Squires is the sole member, owner, and officer of Shape Makers, LLC.

39.     Upon information and belief, Squires is closely identified with the affairs of Shape Makers, LLC.

40.     Squires' close identification with the affairs of Shape Makers is evidenced from Shape Makers' undercapitalization.

41.     Squires' close identification with the affairs of Shape Makers is evidenced from Shape Makers' failure to observe corporate formalities.

42.     Squires' close identification with the affairs of Shape Makers is evidenced from Shape Makers' failure to pay dividends or distributions.

43.     Squires' close identification with the affairs of Shape Makers is evidenced from Shape Makers' nonfunctioning officers and directors.

44.     Squires' close identification with the affairs of Shape Makers is evidenced from Shape Makers' almost complete lack of corporate records.

45.    Squires' close identification with the affairs of Shape Makers is evidenced from Shape Makers' fiscal irresponsibility leading to insolvency.

46.    Upon information and belief, Shape Makers is being used to defeat the ends of justice, perpetrate a fraud, and/or otherwise evade the law, including its failure to pay Curves for the contractual obligations described herein.

47.    Accordingly, Squires is personally liable for the conduct and debts of Shape Makers.

**COUNT TWO**
**(Breach of Franchise Agreement)**

48.    Curves incorporates herein by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

49.    Curves and Squires entered into a valid, enforceable Franchise Agreement.

50.    Squires and Shape Makers breached the Franchise Agreement by engaging in the following activities subsequent to the expiration of the Franchise Agreement on October 2, 2012:

      a.    continuing to operate a fitness center using and/or displaying Curves' registered marks without Curves' consent;

      b.    using Curves' trademark or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan, or symbol used in connection with Curves which is likely to cause confusion or mistake or deceive the public;

11

      c.      owning, maintaining, engaging in, or having any interests in any other business which sells any products similar to those sold as part of Curves within ten (10) miles of the Franchise Location for a period of one (1) year from the date Squires and Shape Makers were first in compliance with their post-termination obligations under the Franchise Agreement;

      d.      diverting customers from other Curves locations and endeavoring to obtain the business of anyone who was a customer of Squires' or Shape Makers' former Curves location; and

      e.      using Curves' printed materials and other proprietary information, including but not limited to mailing lists, membership lists, and Curves' customer lists.

51.    Under Article 18 of the Franchise Agreement, the Franchise Agreement expired by its own terms on October 2, 2012.

52.    Upon its expiration, and pursuant to the Franchise Agreement, Squires and Shape Makers owed to Curves certain post-expiration obligations, which included refraining from operating a fitness center within a defined territory as Saint Charles, Maryland, refraining from utilizing Curves' Marks, assigning and delivering to Curves all check drafts, membership lists, and leads for potential members, refraining from targeting Curves' clients within that defined area, and complying with the post-termination obligations set forth in the Franchise Agreement.

53.    Squires and Shape Makers continue to use the Curves Marks, equipment, and

12

other materials to operate a fitness center facility as if they were a licensed Curves franchisee, which is a direct violation of the Franchise Agreement.  Squires and Shape Makers also have failed to comply with other post-termination obligations set forth in the Franchise Agreement including, but not limited to, delivering to Curves all check drafts, membership lists, and leads from potential members, and refraining from targeting Curves clients in the Saint Charles, Maryland defined area.

54.    As a direct and proximate result of these breaches, Curves has incurred substantial losses, fees, and expenses for which Squires and Shape Makers are liable.

## COUNT THREE
### (Breach of Covenant Not to Compete)

55.    Curves repeats and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

56.    Pursuant to Article 19(B) of the Franchise Agreement, Squires and Shape Makers agreed to refrain from competing with Curves and its other franchisees upon the termination of his franchise rights.  Pursuant to Article 19, Squires and Shape Makers agreed for a period of one (1) year following the date on which the fitness facility ceased operating that they would not: (a.) operate a similar fitness or weight loss business within ten (10) miles of the area granted to Squires and Shape Makers in the Franchise Agreement; (b.) hire or seek to hire any employee of Curves or its franchisees; (c.) interfere with any of Curves' business relationships and/or advantages; (d.) use any confidential information from Curves' manuals or its business system; (e.) use Curves' Marks to operate a similar fitness or weight loss business; and (f.) divert or

attempt to divert any customer or business from Curves and its franchisees.

57.     Squires and Shape Makers breached the Franchise Agreement by continuing to own and maintain an interest in a business that sells similar services, using Curves Marks and representing such services to be owned and promoted by Curves within ten (10) miles of their approved location, without Curves' written consent.  In addition to using Curves' Marks to promote the business, Squires, and Shape Makers, upon information and belief, are utilizing Curves' confidential fitness system and materials for the purpose of competing with Curves in violation of the Franchise Agreement.

58.     Curves has a legitimate business interest in its valuable and confidential business information, substantial business relationships with existing and prospective customers, and the goodwill associated with Curves' trademarks and trade names in the territory governed by the Franchise Agreement.

59.     As a result of Squires' and Shape Makers' operation of a directly competitive business with the CURVES® franchise, Curves and its other franchisees in Maryland and elsewhere have suffered irreparable harm and will continue to suffer irreparable harm.

60.     Curves has no adequate remedy at law to protect its substantial business and property rights, and the damage from Squires' and Shape Makers' activities are considerable and continuing and thus not capable of ascertainment at this time.

61.     The non-compete provision in the Franchise Agreement is reasonably necessary to protect Curves' legitimate business interests.

62.     As a result of the Defendants' actions, Curves has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage for which Squires and Shape Makers are liable.

## COUNT FOUR
### (Federal Trademark Infringement)

63.     Curves repeats and incorporates by reference the preceding paragraphs of the Complaint as if set forth herein verbatim.

64.     Notwithstanding the termination of Squires' and Shape Makers' franchise rights, Squires and Shape Makers continue to identify the new facility as a CURVES® franchise and continue to use Curves' Marks to sell fitness center services to the public.  Squires' and Shape Makers' conduct constitutes an infringement on the trademark rights that are owned by Curves, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

65.     Through unlawful display of Curves' Marks, Squires and Shape Makers have profited and Curves has been damaged financially.

66.     The acts of Squires and Shape Makers were and are being done knowingly and intentionally to cause confusion, cause mistake, or deceive.

67.     As a result of the actions of Squires and Shape Makers, Curves has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT FIVE
### (False Designation and Misrepresentation of Origin)

15

68.     Curves repeats and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

69.     Squires' and Shape Makers' above-referenced conduct constitutes false designation of origin and misrepresentation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     By reason of the foregoing, Curves has suffered damages to the value of its trademarks and customer goodwill.

71.     The acts of Squires and Shape Makers were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

72.     As a result of Squires' and Shape Makers' actions, Curves has suffered and is continuing to suffer irreparable injury, and has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

## COUNT SIX
### (Federal Trademark Dilution)

73.     Curves repeats and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

74.     The CURVES® Mark is a famous trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

75.     The actions and conduct of Squires and Shape Makers, as set forth above, constitute dilution of the famous CURVES® Mark under Section 43(c) of the Lanham Act, 15

16

U.S.C. § 1125(c).

76.     Curves is entitled to injunctive relief under Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

77.     By reason of the foregoing, Curves has suffered, and will continue to suffer, irreparable damage to its reputation and goodwill for which Curves has no adequate remedy at law.

78.     Pursuant to 15 U.S.C. § 1117, Curves is entitled to recover damages from Squires and Shape Makers caused by the unlawful use of Curves' trademarks.

## COUNT SEVEN
### (Misappropriation of Trade Secrets)

79.     Curves repeats and incorporates by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

80.     Curves owns numerous trade secrets, including but not limited to, confidential manuals, marketing strategies, and marketing programs.  During the operation of the franchise, Curves' trade secrets, including use of Curves' approved circuit equipment, were disclosed to Squires and Shape Makers, as a franchisee, for the sole purpose of operating their franchise according to the terms and conditions of said Franchise Agreements and according to Curves' company policy.

81.     Curves has taken extensive measures to preserve these trade secrets for the purpose of maintaining its competitive advantage in the marketplace, enabling Curves to become

one of the fastest growing franchises in the world. For instance, the very Franchise Agreement executed by Squires explicitly provides for the protection of such trade secrets.

82.   Despite the extensive efforts taken by Curves to guard such trade secrets, including explicit instructions within the Franchise Agreement stating the same, Squires and Shape Makers used and disclosed Curves' trade secrets in an attempt to gain a competitive advantage, for their own personal financial gain, and in clear violation of the law and the Franchise Agreement.

83.   More specifically, Squires and Shape Makers are utilizing said trade secrets by continuing to run a fitness center using Curves' Marks and Curves' confidential fitness system. Squires and Shape Makers are also utilizing Curves' approved circuit equipment to operate this fitness center. In so doing, Squires and Shape Makers used and are still using much of the same proprietary information and marketing methods that have long been protected by Curves as trade secrets.

84.   As a result, Curves has suffered damages arising out of the unlawful misappropriation of its trade secrets; therefore, Squires and Shape Makers are liable to Curves for damages.

## COUNT EIGHT
### (Request for Injunction)

85.   Curves repeats and incorporates by reference the preceding paragraphs of the Complaint as if set forth herein verbatim.

86.   Curves' application for injunctive relief is authorized by Federal Rule of Civil

18

Procedure 65.

87.     Section 19(C) of the Franchise Agreement provides that Squires and Shape Makers "acknowledges and agrees that . . . violation of any portion of this Section  . . . shall constitute irreparable injury for which there is no adequate remedy at law and, accordingly, acknowledges and agrees that Curves may seek enforcement of this Section . . .  by temporary restraining order, temporary and/or permanent injunction, and such other legal or equitable relief as may be appropriate."

88.     For the foregoing reasons, Curves respectfully requests that the court grant it the following injunctive relief:

        a.      Enjoin Squires and Shape Makers from continuing to operate a fitness center using and/or displaying Curves' registered Marks without Curves' consent;

        b.      Enjoin Squires and Shape Makers from using the Curves Trademark or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan or symbol used in connection with the Curves Franchise, including any reproduction, counterfeit copy, variation, emulation, or colorable imitation thereof which is likely to cause confusion or mistake or deceive the public;

        c.      Order Squires and Shape Makers to return to Curves, at their own expense, all printed material furnished to Squires and Shape Makers, including,

without limitation, all Curves' manuals, advertising material, stationery and printed forms and all other matters relating to the operation of the Franchise and/or bearing the Trademark;

d.     Enjoin Squires and Shape Makers from owning, maintaining, engaging in, or having any interest in any other business which sells any products similar to those sold as part of the Curves franchise system within ten (10) miles of the Franchise Location for a period of one (1) year following the date on which Squires and Shape Makers ceases operating;

e.     Enjoin Squires and Shape Makers from employing or seeking to employ any person who is employed by Curves or any other Franchisee, or otherwise induce or seek to induce such person to leave his or her employment;

f.     Enjoin Squires and Shape Makers from using any confidential information from Curves' manuals or system in any similar business to that licensed and established under and pursuant to the Franchise Agreement; and

g.     Enjoin Squires and Shape Makers from diverting or attempting to divert any customer or business from Curves or any other Franchisee or solicit or endeavor to obtain the business of any person who shall have been a customer of Franchisee's Facility.

89.     It is probable that Curves will recover from Squires and Shape Makers after a trial

on the merits because Squires and Shape Makers are operating a fitness center using Curves' Marks and confidential trade secrets owned by Curves without Curves' consent and without a written agreement with Curves.

90.     The harm that will result if the temporary injunction is not issued is irreparable because Squires and Shape Makers continue to use Curves' confidential fitness system and Curves' Marks without a written agreement with Curves and continue to use unapproved products and services under the Curves marks, which will cause irreparable and irreversible harm to the goodwill and reputation that Curves has spent significant time and money establishing.

91.     Curves has no adequate remedy at law because Squires and Shape Makers refuse to cease operating and using the Curves trademark, name, goodwill, materials, and equipment for monetary gain without the consent of or compensation to Curves.

92.     Curves is willing to post bond.

93.     The injury to Curves outweighs any injury that would be sustained by Squires and Shape Makers as a result of the requested injunctive relief.

94.     Injunctive relief will not adversely affect the public interest.

95.     Squires and Shape Makers have been with notice of this application for injunctive relief.

## COUNT NINE
### (Request for Permanent Injunction)

96.     Curves repeats and incorporates by reference the preceding paragraphs of the

21

Complaint as if set forth herein verbatim.

97.     After a trial on the merits or a final judgment, Curves asks the court to issue a permanent injunction against Squires and Shape Makers.

98.     Curves has joined all indispensable parties under Federal Rule of Civil Procedure 19.

## **PRAYER FOR RELIEF**

WHEREFORE, Curves prays for judgment against William Squires and Shape Makers, LLC as follows:

a.     For the following injunctive relief:

1.   Enjoin Squires and Shape Makers from continuing to operate a fitness center using and/or displaying Curves' registered Marks without Curves' consent;

2.   Enjoin Squires and Shape Makers from using the Curves Trademark or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan or symbol used in connection with the Curves Franchise, including any reproduction, counterfeit copy, variation, emulation, or colorable imitation thereof which is likely to cause confusion or mistake or deceive the public;

3.   Order Squires and Shape Makers to return to Curves, at their own expense, all printed material furnished to him, including, without limitation, all Curves' manuals, advertising material, stationery and printed forms and all other matters relating to the operation of the Franchise or bearing the Curves

Trademark;

4.   Enjoin Squires and Shape Makers from owning, maintaining, engaging in, or having any interest in any other business which sells any products similar to those sold as part of the Curves franchise system within ten (10) miles of the Franchise Location for a period of one (1) year from date his fitness facility ceases operating;

5.   Enjoin Squires and Shape Makers from employing or seeking to employ any person who is employed by Curves or any other Franchisee, or otherwise induce or seek to induce such person to leave his or her employment;

6.   Enjoin Squires and Shape Makers from using any confidential information from Curves' manuals or system in any similar business to that licensed and established under and pursuant to the Franchise Agreement;

7.   Enjoin Squires and Shape Makers from diverting or attempting to divert any customer or business from Curves or any other Franchisee or solicit or endeavor to obtain the business of any person who shall have been a customer of Franchisee's Facility; and

b.   For an award of an amount equal to three (3) times the earnings and profits obtained by Squires and Shape Makers from their post-expiration wrongful infringement of Curves' trademarks, trade names, and service marks and from Squires' and Shape Makers' other wrongful acts as authorized by the Lanham

Act;

c.      For an award of prejudgment interest in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117;

d.      For Curves' costs, disbursements, costs of investigation and attorneys' fees incurred in this action pursuant to Section 21(K) of the Franchise Agreement and as authorized by the Lanham Act;

e.      For an award of reasonable attorney's fees;

f.      For post-judgment interest; and

g.      For such other relief as the Court deems just and appropriate.

## <u>JURY DEMAND</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Curves demands a jury trial of all issues so triable.

Dated:  April 5, 2013               Respectfully submitted,

                                     _____/s/_____
Stanley E. Woodward, Jr., Bar No. 18115
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: 202.887.4000
Fax: 202.887.4288
sewoodward@akingump.com

Diana L. Gillis
C. Fairley Spillman
AKIN GUMP STRAUSS HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, DC  20036
Tel: 202.887.4000
Fax: 202.887.4288
dgillis@akingump.com
fspillman@akingump.com

Peter G. Siachos
Danielle Pasquale
CHRONAKIS  SIACHOS & KAPLAN, LLC
50 Harrison Street, Suite 315
Hoboken, New Jersey 07030
Tel:  201.792.7777
Fax: 201.792.7771
peter@cskaplan.com
danielle@cskaplan.com

*Attorneys for Curves International, Inc.*